## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

Lisa Sanchez, on behalf of
herself and others similarly
situated,

                                          Case No.  6:08-CV-00875-ORL-31-GJK

      Plaintiff,

vs.

Statewide Mortgage Group, LLC,
a Florida Limited Liability Corporation, and
John Lewis, individually

      Defendants,
_____/

## MOTION TO DISMISS

COMES NOW Defendants Statewide Mortgage Group, LLC, ("Statewide") and John Lewis, ("Lewis"),  by and through the undersigned attorney, and files this Motion to Dismiss pursuant to  F.R.C.P. 12(b)(6), and will respectfully represent as follows:

The Complaint purporting to set forth the cause of action stated is fundamentally deficient for several reasons, some facially apparent, to wit:

### I. GENERAL DEFICIENCIES

1. The Complaint purports to set forth a class action case pursuant to F.R.C.P. 23. However, it fails to allege the basic elements necessary to establish a class cause of action, including numerosity, commonality, typicality, and the representative status of the Plaintiff.

2. The Complaint joins John Lewis, a principal of Statewide, in his individual capacity, but fails to set forth any basis for personal liability as to him.

3. The Complaint fails to allege the fulfillment of conditions precedent required for the maintenance of the cause of action, particularly those arising under 42 U.S.C. § 2000e-16(a).

## II. SPECIFIC DEFICIENCIES AND MEMORANDUM OF LAW

1. Count I of the Complaint purports to set forth a claim for recovery of overtime compensation, but fails to specifically invoke a provision of the law that applies to this claim for relief. Moreover, it contains merely conclusory allegations that fail to specify the date or dates that the Plaintiff is alleged to have worked overtime without compensation or the amount to which she believes she is entitled.

2. Count II of the Complaint purports to set forth a claim for underpayment pursuant to 29 U.S.C. Section 206, but it is not clear whether this claim is founded on allegations of disparate compensation invoking Title VII, or if it constitutes a claim that purports to be representative of others similarly situated, (as the Complaint fails to cite to a specific provision of 29 U.S.C. 206). If it is the former, it is not properly predicated pursuant to 42 U.S.C. § 2000e-16(a). If the latter applies, then the claim fails as a class complaint.

A Title VII-based claim for retaliation requires some protected activity for which a claimant seeks vindication, and a retaliatory response. It also requires her to exhaust administrative remedies through the Equal Employment Opportunity Commission prior to the filing of a lawsuit. The exhaustion of administrative remedies is a jurisdictional prerequisite to instituting an action in federal court under both the Rehabilitation Act and

Title VII of the Civil Rights Act, involving the procurement of a right-to-sue letter. The Plaintiff has failed to allege compliance with these administrative complaint procedures in order to predicate this casee. *Mathis v. Leggett & Platt*, 263 Fed. Appx. 9 (11th Cir. 2008).

In a class action lawsuit, the Complaint must allege the basic elements necessary to establish a class cause of action, including numerosity, commonality, typicality, and the representative status of the Plaintiff. The pleading of a class action involves requirements for the establishment of a *prima facie* case. *Wade v. Secretary of Army*, 796 F.2d 1369 (11th Cir. 1986).

The Plaintiff maintains in her pleading that the records that will prove her case are in the custody and control of the Defendant. However, her ability to maintain this case presupposes a degree of diligence in the investigative process such that allegations are possible beyond naked assertions or other conclusory statements. *Rule 11, F.R.C.P.* This is especially true in that the Plaintiff seeks to maintain this case on a class basis in federal court, and could therefore presumably resort to consultation with others similarly situated in the pre-suit diligence process. The imposition of Rule 11 sanctions warranted "where it is clear that . . . under existing precedents there is no chance of success . . . no reasonable argument has been advanced to extend, modify or reverse the law as it stands." *International Shipping Co. v. Hydra Offshore, Inc.*, 875 F.2d 388, 390 (2d Cir.), *cert. denied*, 493 U.S. 1003, 110 S. Ct. 563, 107 L. Ed. 2d 558 (1989).

3. Count III of the Complaint ostensibly sets forth a wage and hour claim based on Florida Statute Section 448. However, it contains more summary allegations that fail to specify the date or dates that the Plaintiff is alleged to have worked without

compensation, nor even an approximation of the amount to which she is entitled. The Complaint *does* indicate in paragraph 1 that the Plaintiff worked as a receptionist, which would preclude her coverage under the cited provision, as it applies only to manual laborers. *Quaker Oats Co. v. Jewell*, 818 So. 2d 574 (Fla. 5th DCA 2002). In addition, to the extent that the Plaintiff maintains that she worked on an hourly basis, Section 448.01 does not apply. *Id.*

      4. Count IV purports to set forth a claim for "Retaliation". However, it fails to state any facts or even cursory allegations as to the nature of the alleged retaliation. To the extent that this claim is founded on allegations of retaliatory termination, then it fails for lack of clarity in setting forth the protected conduct that she was engaged in as of the time that the alleged retaliation transpired.

      In order to prove retaliation under Title VII, United States Code, one must demonstrate that (1) she "engaged in statutorily protected activity, (2) an adverse employment action occurred, and (3) the adverse action was causally related to the plaintiff's protected activities." *Mathis v. Leggett & Platt*, 263 Fed. Appx. 9 (11th Cir. 2008); *Gregory v. Ga. Dep't of Human Res.,* 355 F.3d 1277, 1279-80 (11th Cir. 2003); *Little v. United Technologies, Carrier Transicold Div.,* 103 F.3d 956, 959 (11th Cir. 1997)). None of these essential elements have been pled.

      WHEREFORE, the Plaintiff prays that the Court Dismiss the Complaint, an award attorney fees and costs to the Defendants.

### CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that the foregoing has been served by electronic transmission to:

Andrew Frisch, Esq.
Morgan & Morgan, P.A.
7450 Griffin Rd., Ste. 230
Ft. Lauderdale, FL 33314
877-435-9243
AFrisch@forthepeople.com

this 1st day of July, 2008:

                                                 _s/ Austin N. Aaronson_____
                                                 Austin N. Aaronson, Esq.
                                                 aa@aaronsonaustin.com