**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**LISA SANCHEZ,**

                    **Plaintiff,**

**-vs-**                                                 **Case No. 6:08-cv-875-Orl-31GJK**

**STATEWIDE MORTGAGE GROUP, LLC**
**and JOHN LEWIS,**

                    **Defendants.**

_____

**ORDER**

This matter comes before the Court on Defendants' motion to Dismiss (Doc. 9) and Plaintiff's Response thereto (Doc. 13).

**I. Background**

At all times relevant to this action, Plaintiff Lisa Sanchez ("Sanchez") was employed as a receptionist by Statewide Mortgage Group, LLC ("Statewide"), a Florida limited liability company owned and operated by John Lewis ("Lewis").

On June 3, 2008, Sanchez filed a four-count Complaint against Statewide and Lewis (collectively "Defendants"), alleging violations of the Fair Labor Standards Act ("FLSA") and Florida's Minimum Wage Law, Fla. Stat. § 448.08 ("§ 448.08"). Specifically, Plaintiff alleges that Defendants failed to pay her overtime compensation and minimum wage, and also retaliated against her when she complained about her compensation. Furthermore, Sanchez seeks to bring a collective action under the FLSA, on behalf of herself and others similarly situated.

**II. Standard of Review**

In ruling on a motion to dismiss, this Court must view the complaint in the light most favorable to the Plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232 (1974), and must limit its consideration to the pleadings and any exhibits attached thereto. FED. R. CIV. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Plaintiff must plead "enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Bell Atlantic Corp. v. Twombly,* 550 U.S. __, 127 S. Ct. 1955, 1965 (2007). In ruling on a motion to dismiss, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(6), the rule to be applied is that, "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (*citing* FED. R. CIV. P. 8(a)). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). Instead, the complaint need only "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Id*. (internal citation and quotation omitted). "A complaint need not specify in detail the precise theory giving rise to recovery. All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on

which it rests." *Sams v. United Food and Comm'l Workers Int'l Union*, 866 F.2d 1380, 1384 (11th Cir. 1989).

### III. Legal Analysis

First, Defendants argue that Plaintiff's Complaint should be dismissed because it fails to allege the elements of a class action, as required by Rule 23. However, Plaintiff is attempting to bring a collective action under the FLSA, not a class action, therefore the requirements of Rule 23 do not apply. *See Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996).

Next, Lewis argues that he cannot be held liable in his individual capacity for the actions alleged by Plaintiff. However, Lewis may be held liable under the FLSA if he qualifies as an "employer", "which § 3(d) of the statute defines broadly as 'any person acting directly or indirectly in the interest of an employer in relation to an employee.'" *Herman v. RSR Sec. Servs.*, 172 F.3d 132, 139 (2d Cir. N.Y. 1999). Plaintiff has sufficiently alleged that Lewis qualifies as an employer under the FLSA. (*See* Doc. 1 at 1-2).

Finally, Defendants allege that Plaintiff's Complaint fails to meet the requirements of Rule 8 because it contains only conclusory allegations, not supported by facts. This Court agrees with Defendant's assessment in this regard. Plaintiff's Complaint, while clearly indicating the laws under which Plaintiff seeks relief, fails to include specific facts to support her claims. For example, Plaintiff does not indicate when she was employed by Defendants, nor does she specify the retaliatory action that was taken against her. For these reasons, this Court finds that Plaintiff's Complaint fails to comply with Rule 8, and Plaintiff shall be given an opportunity to amend.

**IV. Conclusion**

Accordingly, it is

**ORDERED** that Defendants' Motion to Dismiss (Doc. 9) is **GRANTED** in part and **DENIED** in part. Plaintiff shall have leave to file an amended complaint within 20 days of this Order.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on July 15, 2008.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party